IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN POPP,                              )
                                        )
            Plaintiff,                  )
                                        )
      vs.                               )   Civil Action No. 08-1347
                                        )
MICHAEL J. ASTRUE,                      )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
            Defendant.                  )

O R D E R

AND NOW, this 7th day of April, 2009, upon consideration of Defendant's Motion for Summary Judgment (document No. 11) filed in the above-captioned matter on January 30, 2009,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 9) filed in the above-captioned matter on December 31, 2008,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

1

I.  **Background**

On August 4, 2006, Plaintiff, John Popp, Jr., filed a claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. (R. 151-53). Specifically, Plaintiff claimed that he became disabled on April 15, 2002, due to bilateral knee problems, stomach ulcers, intestinal problems, asthma, styes in both eyes, left arm pain, right carpal tunnel syndrome, right ulnar pain, left shoulder problems, anxiety, and depression. (R. 8, 165).

After being denied initially, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on July 5, 2007. (R. 74-79, 27-69). In a decision dated July 23, 2007, the ALJ denied Plaintiff's request for benefits. (R. 8-21). The Appeals Council declined to review the ALJ's decision on September 12, 2008. (R. 1-3). On September 30, 2008, Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II.  **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d

589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (quoting 42 U.S.C. § 405(g)); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by counterveiling evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). "Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity

'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy... .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §

4

404.1520(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. § 404.1520(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(g). In making this determination, the ALJ should consider the claimant's RFC, his or her age, education, and past work experience. Id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

### III.    The ALJ's Decision

In the present case, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2007. (R. 10). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that he was disabled on or

before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2002, the alleged onset date of disability. (R. 10). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had the severe impairments of post-traumatic osteoarthritis of the knees, lumbar facet syndrome, a history of a left proximal humeral fracture, the residual effects of a humeral nail with subsequent acromioplasty, left ulnar neuritis/epicondylitis, the residual effects of left elbow medial epicondylectomy with ulnar nerve release and subsequent hematoma drainage, a history of right ulnar nerve transposition, major depressive disorder, and adjustment disorder. He found, however, that Plaintiff's stomach ulcers, intestinal problems, history of nasal surgery, bilateral eye styes, alcohol-related pancreatitis, and asthma did not constitute severe impairments. (R. 10-12). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 12).

The ALJ found that Plaintiff retained the RFC to perform tasks at the sedentary exertional level, but is limited to occasional postural maneuvers such as stooping and climbing on ramps and stairs and must avoid balancing, kneeling, crouching, crawling,

6

and climbing on ladders, ropes, and scaffolds, is limited to occasional pushing and pulling with the non-dominant upper left extremity to include the operation of hand levers and both lower extremities to include the operation of foot pedals, must avoid prolonged exposure to extreme dampness and cold temperature extremes, is limited to simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few work place changes, and is limited to occasional interaction with supervisors, coworkers, and members of the general public. (R. 12-19). Based on this RFC, Plaintiff established that he is incapable of returning to his past employment; therefore, the ALJ moved on to step five. (R. 19). The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs, including surveillance system monitor, addressor, and inspector/checker, that exist in significant numbers in the national economy. (R. 20-21). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 21).

## IV. Legal Analysis

Plaintiff raises several arguments as to why the ALJ erred in finding that he was not disabled. While the Court does not find

7

merit in all of the arguments raised by Plaintiff, it does agree that substantial evidence does not support the ALJ's decision. Specifically, the Court believes that the record is insufficient to support the ALJ's determination of Plaintiff's RFC and his hypothetical question to the VE, particularly in regard to Plaintiff's ability to stoop. Accordingly, the Court will remand the case for further consideration.[1]

---

[1]

The Court notes that, while Plaintiff argues that the ALJ improperly determined that several of his alleged impairments were non-severe at Step Two, this is not really the issue. The Step Two determination as to whether Plaintiff is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found all of Plaintiff's alleged impairments to be non-severe.

However, even if an impairment is non-severe, it may still affect a claimant's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, **even those that are not 'severe.'**" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996) (emphasis added). See also 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find some of Plaintiff's alleged impairments to be severe, does not mean that these conditions could not still have affected Plaintiff's RFC. On remand, the ALJ should consider not only whether all of Plaintiff's alleged impairments are severe at Step Two, but also, whether even those impairments which are not severe impact the RFC.

8

As stated above, the ALJ found that Plaintiff retained the RFC to perform tasks at the sedentary exertional level, with one of the limitations being that he was limited to occasional postural maneuvers such as stooping. (R. 12). In determining this RFC, the ALJ considered, among other evidence, the opinion of Dr. David Bizousky, MD. The ALJ stated that none of Plaintiff's treating physicians, including Dr. Bizousky, had reported that Plaintiff was disabled or provided a medical source statement inconsistent with the RFC and that Dr. Bizousky had reported in June 2005 that Plaintiff could perform sedentary work. (R. 19).[2] Although it is accurate that Dr. Bizousky did not file a medical source statement, both Dr. Bizousky and Tabitha Conrad, PA, a colleague of his, indicated on workers compensation evaluation forms dated June 29, 2005, August 11, 2005, and August 18, 2005 that Plaintiff cannot stoop. (R. 313, 316, 319). It is the ALJ's failure to address the findings regarding Plaintiff's inability to stoop in making the RFC determination and in formulating the hypothetical question to the VE that mandates remand in this case.

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001). See also 20

---

[2] It should be noted that the physician who did submit a medical source statement in regard to Plaintiff's physical limitations (finding no limitations) was Dr. Thomas C. Trevorrow, MD, the physician who treated Plaintiff's eye problems.

9

C.F.R. § 404.1545(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also SSR 96-8p at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Further, a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

Although the ALJ's decision was quite thorough and contained extensive discussion of Dr. Bizousky's findings, the ALJ did not specifically address Dr. Bizousky's finding that Plaintiff could not stoop. In fact, the ALJ stated that Dr. Bizousky had reported in June 2005 that Plaintiff could perform sedentary work without noting that, in the very same report, Dr. Bizousky had found that Plaintiff could not stoop. (R. 319). The ALJ's decision simply contains no basis for determining whether or how he addressed this finding.

In some cases, this may not have mattered. Here, however, Social Security Ruling ("SSR") 96-9p makes this a substantial oversight. The ALJ found that Plaintiff could perform sedentary level work with certain limitations, including that he could occasionally stoop, and that, based on this RFC and the VE's testimony, he could perform certain unskilled jobs. Pursuant to SSR 96-9p, the frequency with which Plaintiff could stoop could have impacted the amount of erosion of the relevant occupational base. Specifically, SSR 96-9p provides that "[a] complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply."[3] SSR 96-9p, 1996 WL 374185 (S.S.A.), at *8. This is consistent with case law indicating that ALJs must discuss a

---

[3] The Court notes that the jobs which the VE found Plaintiff capable of performing were all unskilled. (R. 20, 67).

11

plaintiff's postural limitations, particularly the ability to stoop, which factor into the determination of whether a claimant can perform a full range of sedentary work. See Butler v. Barnhart, 353 F.3d 992, 1000-01 (D.C. Cir. 2004); Spaulding v. Halter, 11 Fed. Appx. 596, 600 (7th Cir. 2001); Chester v. Callahan, 193 F.3d 10, 13 (1st Cir. 1999); De Aza v. Commissioner of Soc. Sec. , 2008 WL 4723778, at *4 (D. N.J. Oct. 24, 2008); Bailey v. Apfel, 2001 WL 722787, at *3 (E.D. Pa. June 26, 2001).

Of course, the workers compensation evaluation forms completed by Dr. Bizousky and Ms. Conrad on June 29, August 11, and August 18, 2005 were not the only evidence in the record as to Plaintiff's ability to stoop. Indeed, later forms completed by Dr. Bizousky omit any limitation on stooping. ( See e.g., R. 302). However, the fact remains that evidence obtained from one of Plaintiff's treating physicians contrary to the RFC finding that Plaintiff could stoop occasionally appears in the record. Where, as here, there is conflicting evidence in the record, the ALJ must explain which evidence he accepts and rejects and the reasons for his determination. See Cruz v. Commissioner of Soc. Sec., 244 Fed. Appx. 475, 479 (3d Cir. 2007) (citing Hargenrader v. Califano, 575 F.2d 434, 437 (3d Cir. 1978)). See also Fargnoli, 247 F.3d at 42. Although the ALJ in this case did make a finding regarding Plaintiff's ability to stoop, he did not discuss the impact of the contrary opinion from Dr. Bizousky.

12

The ALJ is not necessarily obligated to accept the postural limitations found by Dr. Bizousky, but he cannot ignore these findings. Indeed, it is not clear from the record whether Dr. Bizousky's opinion was that Plaintiff had a **complete** inability to stoop or whether Dr. Bizousky believed this limitation was permanent. The Court expresses no opinion as to whether the ALJ's RFC determination and hypothetical **could** be supported by the record. It is the need for further explanation that mandates the remand in this case.

V.  **Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC and his hypothetical question to the VE are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record